Opinion of the Court.
THIS case was formerly before this court, upon cross appeals, and is reported in 2 Marshall 335. It will be seen, by reference to the report of the case there given, that the circuit court had decreed Breckenridge to pay to Brooks the balance reported by the commissioner appointed to adjust their accounts, together with the sum of $1,073 95, for errors and omissions, to the prejudice of Brooks, in the list of debits and credits recognized by the parties in their agreement of 1811. In the first opinion pronounced by this court, it is explicitly stated, that “ we perceive no error in that court decreeing to Brooks the amount of errors and omissions, to his prejudice, in the list of debits and credits recognized by the parties, in their contract of 1811 and ;" all the other objections taken *361 by each party, in the argument of their respective appeals, being overruled, the decree of the circuit court was affirmed. But a re hearing was afterwards granted, and by the second opinion of this court the decision of the circuit court was deemed erroneous, upon the ground that Breckenridge was made thereby to pay interest upon the rents and profits received by him while he had the mortgaged estate in possession, a point which had not been mentioned in the first argument, nor noticed by this court in its first opinion ; and upon that ground, exclusively, the decree of the circuit court was reversed, and the cause remanded, with directions for an account to be taken, and a decree to be entered, not inconsistent with either of the opinions of this court. When the cause was remanded to the circuit court, an account was taken by the former commissioner, leaving a balance in favor of Brooks, of $6,648 89, which, together with $1,073 95, the amount which that court had allowed for errors and omissions in their first decree, was decreed to be paid by Breckenridge to Brooks, and Breckenridge has again appealed to this court.
The only objection which we deem material to be noticed, questions the propriety of the decree, only so far as it directs the payment of the sum of S1,073 95 for errors and omissions, to the prejudice of Brooks, in the lists of debits and credits mentioned in their contract of 1811.
It is proper to premise, that the commissioner appointed by the circuit court to adjust the accounts of the parties, did not take into calculation the errors and omissions, to the prejudice of Brooks, in the lists of debits and credits mentioned in the contract of 1811, and that the balance struck by him was produced without allowing to Brooks credit for those errors and omissions; but the commissioner, in his report, refers to an account of errors and omissions filed by Brooks, and recognizes the justice of that account, with the exception of certain items, which he particularly specifies. The errors and omissions, the justice of which the commissioner thus recognizes, consist of the following sums received by Breckenridge : $33 33, 1st of November 1802; $77 47, the 1st of February 1803; $38 40, 1st of May 1803, and $443 47, of the same date. These sums, with interest thereon from *362 their respective dates, would, at the time the first decree was pronounced by the circuit court, have amounted to the sum decreed by that court for errors and omissions, to the prejudice of Brooks, in the lists of debits and credits mentioned in the contract of 1811 ; but, without interest, they only make the sum of $582 62. Now, it is perfectly clear, that Brooks' right to a credit for those errors and omissions, was sanctioned by the first opinion of this court, and that, so far as regards the principle alone, the first opinion was neither reversed nor altered by the second opinion delivered by this court. But it is equally clear, that Brooks’ right to interest upon the amount of those errors and omissions, was disaffirmed by the second opinion of this court; for those errors and omissions consist of sums received by Breckenridge for the rent of the mortgaged estate, while in his possession ; and by the second opinion of this court, it was settled, that Breckenridge was not bound to pay interest upon the rents received by him. Taking, then, both the opinions of this court together, it is obvious, that Brooks is only entitled, for errors and omissions to his prejudice, in the contract of 1811, to the sum of 582 dollars 62 cents, instead of the sum of 1,073 dollars 95 cents, which was decreed by the circuit court. But he was undoubtedly entitled to a credit for that sum, at the time the items which compose it were received by Breckenridge ; and there was then due, and continued to be due, until the first of January 1810, a balance for money advanced by Breckenridge on the mortgage, which, by the terms of their contract, bore interest; and as the commissioner did not, in the account taken by him, give to Brooks a credit for the errors and omissions to his prejudice, the balance struck by the commissioner is less favorable to Brooks than it ought to have been, by the amount of interest on a sum equivalent to the errors and omissions, from the times they were received until the first of January 1810, when the debt due on the mortgage was extinguished. It is plain, therefore, that while Brooks is allowed by the circuit court more than he is entitled to, under the name of errors and omissions, he is charged with more than he ought to have been, by the interest on a sum equivalent to those errors and omissions, from the times they were received until the *363 mortgage debt was extinguished ; and that interest, according to our calculation, amounts to 235 dollars 3 cents, which, added to the errors and omissions, without interest, makes the sum of 817 66. To that sum, therefore, Brooks was entitled, instead of the sum of 1,073 dollars 95 cents, as decreed by the circuit court, for errors and omissions.
It is decreed and ordered, that the decree aforesaid be reversed, the cause remanded, with directions to enter a decree for the balance reported by the commissioner, as decreed by that court, and the sum of 817 dollars 66 cents, making in the whole 7,466 dollars 55 cents.